## INDUST COMM v BROWN

Ohio Appeals, 2nd Dist, Franklin Co

No 2274.  Decided March 11, 1933

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Attorney General, Columbus, for plaintiff in error.
T. J. Duffy, Columbus, for defendant in error.

BARNES, J.

The petition in error sets forth four specifications of error, but the brief filed by plaintiff in error states that the second and third assignments are relied upon for reversal.  Said assignments are as follows:

"2nd.  Said verdict was contrary to law.
"3rd:  Errors apparent on the face of the record."

In the presentation of the case to the jury the plaintiff, Hattie Brown, through

her counsel and over the objection of the defendant below read to the jury hypothetical questions propounded to two medical experts, one, Dr. W. D. Maccabee, was the attending physician on Mr. Brown, and the other Dr. Robert B. Drury, had been consulted by Dr. Maccabee, but had never seen or attended Mr. Brown. It was the contention of counsel for the Commission that the hypothetical questions and answers constituted an invasion of the province of the jury in that they were permitted to answer that the death of Harry Brown was the proximate result of the alleged injury, whereas this was the only question at issue and should have been left to the jury.

The following authorities are cited in support of contention of plaintiff in error:

Metzler's Trial Evidence, p. 417, §335;
**Fowler v Delaplane, 79 Oh St, 279;**
**Torpedo Co. v Fishburn, 61 Oh St, 608.**

The first syllabus in **79 Oh St, 279, supra,** reads as follows:

"A question to a witness which calls for his opinion on the precise issue of fact which the jury is sworn to determine from the evidence is incompetent."

The first syllabus in **61 Oh St, 608, supra,** reads as follows:

"Opinion evidence may not be given where an opinion is asked as to the precise, ultimate fact in issue which is to be tried by the jury, but such testimony is not necessarily incompetent if it calls for an opinion as to a matter which is evidently only and merely tends to establish a fact which may be involved in the issue."

The hypothetical questions submitted to the two medical experts are very long, but only a portion of the question need be quoted in order to give a clear understanding of the question involved. On pages 18 and 19 of the record a rather short hypothetical question was propounded to Dr. Maccabee, and then again on page 22 a more complete and voluminous question was propounded, and this latter question was identical with the one submitted to Dr. Drury. After setting forth the detailed facts which had previously been submitted in the evidence, the questions to the two Doctors contained the following:

"Can you state with a reasonable degree of certainty whether in your opinion this exposure to gas fumes on December 12, 1928, produced or aggravated the condition of Bright's Disease which caused his death?"

Dr. Maccabee gave the following answer:

"The conditions as stated here as to the stove in the shop as I understand it from what the patient or what Dr. Brown told me, these gas fumes not only will produce death but did produce death in his case."

Dr. Drury's answer as as follows:

"I would say that the inhalation of carbon monoxide gas with the above history would cause a nephritis and nephritis caused his death."

A careful and full reading of the cases cited by counsel for plaintiff in error, we think relieves the question involved of all its difficulties.

In **Torpedo Company v Fishburn, 61 Oh St 608, supra,** a question was asked and answered over objection, which in its language would seem to be far more objectionable than are the questions and answers in the instant case, but in the reported case Judge Spear, in rendering the opinion, uses the following language:

"The objection urged is that this was error because the fact sought was a matter to be found by the jury. We do not think the admission of the evidence was error. The fact called for was evidentiary. It tended to prove one fact involved in the issue, but was not the ultimate fact in issue. Nor was it a subject of common knowledge, or one of which the jury could as well judge as the witness. As an expert his knowledge extended to all the dangers incident to an explosion of such a quantity of nitroglycerine at such a place, at such an hour, and with such surroundings. The average juror might not intelligently and fully determine the natural connection between cause and effect, and draw the proper conclusion from the general facts proven. At least the jury might be aided in that duty by the opinion of one whose experience and knowledge, especially as to the violent effects incident to the explosion, and as to the inflammable character of gas when mixed with the atmosphere and brought in contact with fire, and the extent of the attendant dangers, was greatly superior to their own."

Paraphrasing the language used by Judge Spear, it can likewise be said in the instant case that the subject concerning which the two doctors testified was not a matter of common knowledge, nor one of which the jury could as well judge as the witness. Their expert knowledge extended to the

reactions of the gas fumes on the human body. The average juror could not intelligently and fully determine the natural connection between cause and effect and draw the proper conclusion from the general facts proven. At least the jury might be aided by the opinion of the experts whose experience and knowledge as to whether or not there would be any relation between the inhaling of the gas fumes and the death shortly thereafter from Bright's Disease.

This theory of the law is very fully stated in **Ohio Jurisprudence, Vol. 17, §393, p. 489;** also Jones' Commentaries on Evidence, 2nd Ed., Vol. 3, §1346.

Counsel for defendant in error makes citations from the courts of last resort in other jurisdictions and they fully sustain the claim. However, we think the question is fully and adequately determined by the courts of this state.

It is our conclusion that there is no error manifest in the record. The judgment of the lower court will therefore be affirmed, at the costs of plaintiff in error. Entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.